IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT KNOXVILLE

MAY 1999 SESSION

FILED

August 26, 1999

Cecil Crowson, Jr.
Appellate Court
Clerk

| | | |
|---|---|---|
| MICHAEL L. DICKERSON, | ) | |
| | ) | C.C.A. No. 03C01-9808-CC-00306 |
| Appellant, | ) | |
| | ) | Cocke County |
| v. | ) | |
| | ) | Honorable Ben W. Hooper, II, Judge |
| STATE OF TENNESSEE, | ) | |
| | ) | (Post-Conviction) |
| Appellee. | ) | |

FOR THE APPELLANT:

MICHAEL L. DICKERSON, *pro se*
Northeast Correctional Complex
P. O. Box 5000
Mountain City, TN  37683
(On Appeal)

EDWARD C. MILLER
District Public Defender
1232 Circle Drive, Suite 350
P. O. Box 416
Dandridge, TN  37725-0416
(At Trial)

SUSANNA L. THOMAS
Assistant District Public Defender
102 Mims Avenue
Newport, TN  37821-3614
(At Trial)

FOR THE APPELLEE:

PAUL G. SUMMERS
Attorney General & Reporter

ERIK W. DAAB
Assistant Attorney General
425 Fifth Avenue North
Nashville, TN  37243-0493

AL C. SCHMUTZER, JR.
District Attorney General
125 Court Avenue, Room 301-E
Sevierville, TN  37862

JAMES B. DUNN
Assistant District Attorney General
339-A East Main Street
Newport, TN  37821

OPINION FILED: _____

AFFIRMED

ALAN E. GLENN, JUDGE

# O P I N I O N

The petitioner, Michael L. Dickerson, appeals from the dismissal of his petition for post-conviction relief, which alleged that he was forced by his attorney into pleading guilty to the offense of aggravated assault, of which he was not guilty. As a result, he claims that his counsel was ineffective and that the guilty plea should be set aside. Based upon our review of the record, we affirm the order of the trial court dismissing the petition.

In Cocke County, the petitioner was charged first with aggravated assault. As a result, he retained counsel, whom he now complains provided ineffective legal assistance. The petitioner's attorney met with him regarding the charge and spoke with several witnesses. Counsel's conclusion was that it was a "winnable" case. However, the petitioner was then indicted on numerous auto theft charges. The plea bargain offer from the prosecutor was for all charges, including the aggravated assault, of which the petitioner now claims he was not guilty, the pending auto theft cases, and for any other offenses, as then uncharged, which had been committed prior to the plea bargain agreement.

The written plea agreement, dated May 29, 1996, and signed by both the petitioner and the prosecutor, sets out that the petitioner agreed to plead guilty to the following charges:

6314 - Aggravated Assault

6540 - Theft over $1,000

6541 - Theft over $1,000

6542 - Theft over $10,000

6543 - Theft over $10,000

6544 - Theft over $10,000

6659 - Stalking.

Upon the petitioner's pleas of guilty to these charges, the prosecution was to recommend to the court the following sentences:

6314 - Six years at 30%

2

6540 - Four years at 30%

6541 - Four years at 30%

6542 - Six years at 30%

6543 - Six years at 30%

6544 - Six years at 30%

6659 - Eleven months and twenty-nine days.

Of these sentences, indictments 6540, 6541, 6543, 6544, and 6659 were to be served concurrently with each other and concurrently with the sentences imposed in indictments 6314 and 6542. The sentences imposed in indictments 6314 and 6542 were to be served consecutively with each other. Handwritten under the petitioner's signature on the plea agreement is the following statement:

> It is agreed that the state shall not seek indictment nor shall the state prosecute any offense against this defendant on any crime involving theft committed prior to this date.

On the same day, the petitioner, his counsel, and the prosecutor, signed the waiver of jury trial and guilty plea. This form stated:

> Comes the defendant Michael Lynn Dickerson and voluntarily waives his right to a trial by jury and asks this Court to try his case both as to guilt and punishment. The right to a jury trial has been fully explained to him and he understands the consequences in giving up this right.
>
> Further, the Defendant acknowledges that he has been fully advised of all the elements of the crime(s) charged against him. He understands that the State must prove each element beyond a reasonable doubt to a moral certainty before he can be found guilty. He understands that he has the right to confront and cross-examine witnesses against him. Also, he understands the range of penalties for the crime(s). He knows he has a Constitutional Right to stand on his plea of not guilty and make the State prove his guilt. That if he is found guilty, he has a right to appeal the decision; at which time it could be reversed or dismissed. All of these rights he gives up if he pleads guilty.
>
> Understanding all of this, the Defendant voluntarily pleads guilty to the offense(s) of:
>
> 6314 - Aggravated Assault
> 6542 - Theft over $10,000
> 6541 - Theft over $1,000
> 6540 - Theft over $1,000

3

6543 - Theft over $10,000
6544 - Theft over $10,000
6659 - 11/29 Stalking

and requests the Court to accept it. He has not been forced to make this plea, nor has he been threatened or promised anything that would cause him to enter this plea. He understands that there may or may not be a recommendation made to the Court about sentencing which the Court may accept or refuse.

This plea was accepted by order signed by the trial judge, and the petitioner was sentenced to the punishment as set out in the plea agreement and the waiver. However, prior to accepting the petitioner's pleas of guilty, the trial court questioned him at length regarding his pleas.

During the guilty plea proceedings in this matter, the trial court advised the petitioner in detail as to his constitutional rights in the process. In response to specific questions from the trial court, the petitioner stated that he understood he was receiving a six-year sentence for the aggravated assault charge and that he had not been threatened or coerced into entering a plea of guilty. Further, in response to the trial court query as to whether he was "freely and voluntarily" entering a guilty plea in the aggravated assault case because he was guilty, the petitioner responded, "Yes, sir." The prosecutor then advised the court that, had the aggravated assault case gone to trial, the State's proof would have shown that on May 8, 1994, the petitioner threw gasoline on Edna Webb and tried to ignite a cigarette lighter to set her on fire. The trial court asked the petitioner if he understood that these were the facts the State would have tried to prove had the case gone to trial, and he responded that "they would have tried." The trial court then discussed each of the additional charges, asking the petitioner about his understanding of what the State would have tried to prove in each case, had they gone to trial. The petitioner told the court that he was entering pleas of guilty in each of the cases because he was guilty of the offenses. Counsel for the petitioner then advised the court of the agreement that, in exchange for the petitioner's pleas of guilty in all of the cases, the State had agreed not to prosecute him in other cases for which he had not yet been charged and, further, that a sentence which the petitioner was to receive in Hamblen County would be run concurrently

4

with the sentences the petitioner was receiving in Cocke County.

Finally, in response to the court's question as to whether Edna Webb had sustained injuries as the result of being doused with gasoline, the prosecutor informed the court that Ms. Webb was present in the courtroom. In response to the court's question as to whether she wished to speak, Ms. Webb stated:

> Well, number one, Your Honor, it didn't happen on May the 8th; it happened on my birthday, May the 9th, and on Mother's Day. That's all I've got to say. I've got to say one thing, I do love my boy regardless of what he done [sic] to me.

Thus, based upon the documents executed by the petitioner as part of the guilty plea agreement, and the testimony at the plea hearing, it is clear that the petitioner freely and voluntarily entered pleas of guilty to the charges against him, including the aggravated assault. Further, based upon the statement of Ms. Webb to the trial court, it is clear that the State had a prosecutable case as to the aggravated assault.

On December 17, 1997, following the petitioner's filing of his petition for post-conviction relief, the trial court held a hearing in the matter. Counsel who had represented the petitioner at the guilty plea was the first witness. He testified that he talked with witnesses in the aggravated assault case and felt that it was "winnable." However, the petitioner was then charged with a series of car thefts, the proof consisting of tape recordings. Further, there were other potential charges in various counties, as well as pending cases in Hamblen County. As a result, defense counsel met with the prosecutor regarding the disposition of the cases. However, the prosecutor would not deal separately with the aggravated assault case. Counsel then met with the petitioner and told him that the State would not deal separately with the aggravated assault, which counsel told the petitioner was a winnable case. The petitioner told counsel that he would not plead guilty to the aggravated assault. Counsel testified that he discussed the guilty plea process with the petitioner, but that the ultimate decision was the petitioner's as to what to do.

In State v. Hodges, 815 S.W.2d 151 (Tenn. 1991), the court set out the limited

5

options available to a defendant who has admitted to the court his guilt in the proceeding:

> Once a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel did not meet appropriate standards.

Hodges, 815 S.W.2d at 153.

In this case, there is nothing more that could have been done by the trial court to ensure that the petitioner was knowingly, freely, and voluntarily entering pleas of guilty to the charges against him. The petitioner executed all of the documents required by the court prior to its acceptance of the guilty pleas and, further, told the court that he was guilty of all of the charges, including the aggravated assault. The complainant as to that charge was present at the time of the guilty plea and, in response to an inquiry from the trial court, made out a colorable claim as to the aggravated assault. The prosecutor did not give the defense attorney the option of contesting the aggravated assault charge and pleading guilty to the other charges. In fact, the defense counsel's assessment of the aggravated assault case, believing it to be "winnable," echoes that of the petitioner.

The petitioner attempts to isolate the aggravated assault charge from the others and have us consider whether his counsel's performance was adequate as to that charge. However, he ignores the fact that the State would not allow that charge to be isolated. The petitioner had to either plead guilty to all charges or go to trial on them. The State had other charges which could have been brought against the petitioner but were not, as the result of the plea bargain agreement. Thus, we agree with the trial court that the actions of counsel on behalf of the petitioner were within the range of competence required by Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975).

For these reasons, we affirm the order of the trial court in dismissing the petition for post-conviction relief.

6

_____
ALAN E.  GLENN, JUDGE

CONCUR:


_____
JAMES CURWOOD WITT, JR., JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE